IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| **JUSTICE QUEEN AL-AMEEN,** : | |
| : | |
| **Plaintiff,** : | |
| : | |
| v. : | **CASE NO:** |
| : | **7:25-cv-54–WLS** |
| **CITY OF VALDOSTA, GA.,** *et al.,* : | |
| : | |
| **Defendants.** : | |
| _____ : | |

**ORDER**

On April 28, 2025, *pro se* Plaintiff Justice Queen Al-Ameen[1] filed a Complaint and Demand for a Jury Trial: Auth Fed. R. Civ. P. 38(A)(B) 42 U.S.C. § 1983 ("Complaint") (Doc. 1) against the City of Valdosta, Georgia, and the Valdosta Police Department ("VPD"). In addition, Plaintiff named several state and local officials of the City of Valdosta as Defendants.[2] Presently before the Court is Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form AO 240) (Doc. 2) ("IFP Application").

For the following reasons, Plaintiff's IFP Application (Doc. 2) is **GRANTED**. Further, for the reasons set forth below, Plaintiff's Complaint is **DISMISSED**.

**DISCUSSION**

Under 28 U.S.C. § 1915(a)(1), the Court "may authorize . . . any suit, action or proceeding . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable

---

[1] Per her Affidavit of Truth & Complaint (Doc. 1-10) attached to her Complaint, Plaintiff has also been known as Lynn Robinson and Lynn Sheffield. (Doc. 1-10 at 1 ¶ 2).

[2] These additional Defendants were Chief Judge Brian A. McDaniel, sued in his official and individual capacities, Judge James L. Prine, District Attorneys Bradfield M. Shealy and Michelle T. Harrison, Mayor Scott James Matheson, City Manager Richard Hardy, Mayor Pro-Tem Andrew Gibbs, Chief of VPD Leslie Manahan, and Council Members: Nick Harden, Timothy H. Carroll, Eric Howard, Thomas B. McIntyre, Sr., Sandra Tooley, and Vivian Miller-Cody. VPD Officer Matthew Francis and Detective Matthew DelaCruz were also sued in their official and individual capacities.

1

to pay such fees or give security therefor."³ *See also Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (explaining that § 1915 is designed to provide indigent litigants with meaningful access to courts). In determining whether a litigant may proceed without prepayment of the filing fee, the Court must follow a two-step process. *Procup v. Strickland*, 760 F.2d 1107, 1114 (11th Cir. 1985). First, the Court assesses Plaintiff's ability to prepay the cost and fees associated with filing a civil case in district court. *Id.* Second, "[o]nly after making a finding of poverty," the Court reviews the sufficiency of the complaint, as required by 28 U.S.C. § 1915(e). *Id.*

### I.   IFP APPLICATION

Beginning at the first step, the Court finds that Plaintiff meets the poverty requirements of 28 U.S.C. § 1915. Plaintiff has no cash on hand and no money in any bank accounts or financial institutions (Doc. 2 at 2) and owns no assets (*Id.*). Plaintiff incurs monthly expenses of $2136 which includes a child support obligation of $296 which terminates on May 1, 2025. Even after the child support obligation ceases, Plaintiff's expenses will exceed her monthly disability income of $1534. (*Id.* at 1). On these facts, the Court finds Plaintiff is exempt from prepaying filing fees under 28 U.S.C. § 1915(a).

Accordingly, Plaintiff's IFP Application (Doc. 2) is **GRANTED**.

### II.   PLAINTIFF'S COMPLAINT

Plaintiff brings § 1983 claims against the City of Valdosta, Georgia, VPD, and state and local officials alleging violations of her Constitutional rights under the Fourth and Fourteenth Amendments.

In paragraph 4 of her Complaint, Plaintiff alleges that on March 28, 2021, she was "unconstitutionally assaulted and arrested" by Officers Matthew DelaCruz and Matthew Francis and charged with felony DUI, felony obstruction of officer, and defective equipment. (Doc. 1 ¶ 4, Doc. 1-3 at 5–6). Plaintiff appears to be attempting to make a claim of excessive force against the officers, but has failed to allege what actions the officers took to support her claim. A letter dated May 13, 2021, from Leslie Manahan, Chief of Police of VPD, is attached

---

³ Although Congress used the word "prisoner" here, 28 U.S.C. § 1915 applies to non-prisoner indigent litigants as well as prisoners. *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004).

as Exhibit B to Plaintiff's Complaint, advising that the officers were investigated. The result was that while a Code of Conduct policy violation (Conduct Unbecoming) occurred, Plaintiff's Complaint for excessive force was cleared as unfounded. (Doc. 1-2 at 1).

In paragraphs 5 and 7, Plaintiff alleges that Lowndes County District Attorneys, Michelle T. Harrison ("D.A. Harrison") and Bradfield M. Sheally ("D.A. Sheally") "dropped the lesser charges unconstitutionally indicted." (Doc. 1 ¶ 5). On April 26, 2023, Plaintiff entered a plea to a lesser charge of obstruction of an officer and was released. (*Id.* ¶ 7). Plaintiff does not clearly state what constitutional right she claims D.A. Harrison and D.A. Sheally violated. The DUI claim was dismissed and the felony obstruction was later reduced to misdemeanor obstruction. (Doc. 1-3 at 5-6). However, how such actions violated Plaintiff's constitutional rights is unclear, and no further allegations or details are provided with respect to Plaintiffs' claims against D.A. Harrison or D.A. Sheally.

Also in paragraph 5, Plaintiff alleges that on or after July 21, 2022, Lowndes County Superior Court Chief Judges Brian A. McDaniel and James L. Prine entered orders without due process. (*Id.*) Plaintiff appears to contest in particular a warrant for Plaintiff's arrest issued by either Judge McDaniel or Judge Prine when they were allegedly aware that Plaintiff was in a United States Bankruptcy Court in another state. Again, no further allegations or details are provided with respect to Plaintiffs' claim that Judge McDaniel and/or Judge Prine violated Plaintiff's due process rights.

In paragraph 7, Plaintiff alleges that on or about October 17, 2022, she was arrested by the "Jacksonville Sheriff's Office" and then extradited to the Lowndes County Jail. As best the Court can determine, Plaintiff's October 17, 2022 arrest was the result of the warrant issued by Judge Prine or Judge McDaniel for Plaintiff's failure to appear at a hearing in Lowndes County Superior Court. (*See* Doc. 1 ¶ 5; Doc. 1-3 at 10-11). On April 26, 2023, Plaintiff entered a plea to a lesser charge of obstruction of an officer and was released. (*Id.* ¶ 7). Plaintiff alleges that such action constitutes a "second legal [sic] kidnapping" and caused her "traumatic distress caused by the losses of life after **6 six months** in custody unconstitutionally denied access to the court." (Doc. 1 ¶ 7 (emphasis in original)). Plaintiff does not state how she was denied access to court or how her arrest pursuant to a court issued warrant constitutes a "kidnapping."

3

Finally, in paragraph 8, Plaintiff asserts the Lowndes County Superior Court lacked jurisdiction to render judgments and issue warrants against her in Case No. 2021CR874, and that "**this court** must note that the constitutional [sic] prosecution and conviction and sentence was moot on the grounds that there was **NEVER a lawful PROSECUTION**" by the Lowndes County Superior Court. (*Id.* ¶ 8 (emphasis in original)). Plaintiff contends the prosecution, conviction and sentence violated her Fourth Amendment rights "on the grounds that all allegations and evidence [were] unfounded or unconstitutional." (*Id.* ¶ 8).

Plaintiff did not assert any specific factual allegation or claims against Mayor Scott James Matheson, City Manager Richard Hardy, Mayor Pro-Tem Andrew Gibbs, Chief of VPD Leslie Manahan, or Council Members Nick Harden, Timothy H. Carroll, Eric Howard, Thomas B. McIntyre, Sr., Sandra Tooley, and Vivian Miller-Cody.

Plaintiff seeks damages of $10,000,000, plus interest, against all Defendants, in their official and individual capacities, for emotional pain, mental anguish, inconvenience, humiliation, loss of time, pride, and security. Additionally, Plaintiff seeks punitive damages of $50,000,000.

### III.   SUFFICIENCY OF THE COMPLAINT

Next, the Court reviews the sufficiency of the claims in Plaintiff's Complaint. In doing so, the Court accepts as true all factual allegations in the Complaint. *Hughes v. Lott*, 350 F.3d 1157, 1159–60 (11th Cir. 2003); *Watkins v. Joy*, 782 F. App'x 892, 895 (11th Cir. 2019) (citing *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008)). Moreover, because Plaintiff proceeds *pro se*, the Court construes the filings liberally. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."). It is worth emphasizing, however, that this leniency does not give Plaintiff "special advantages not bestowed on other litigants," nor does it excuse Plaintiff from obeying all local and procedural rules, including those governing pleadings. *Procup*, 760 F.2d at 1115. The Court will neither be a *pro se* litigant's lawyer, *see Jarzynka v. St. Thomas Univ. of Law*, 310 F. Supp. 2d 1256, 1264 (S.D. Fla. 2004), nor will it rewrite or fill in the blanks of a defective pleading, *see Brinson v. Colon*, 2012 WL 1028878, at *1 n.2 (S.D. Ga. Mar. 26, 2012) (internal quotation marks omitted) (citation omitted).

4

Further, notwithstanding any grant of IFP status, "the court shall dismiss the case at any time if the court determines that— . . . the action or appeal—(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e); *see Watkins*, 782 F. App'x at 893 ("A district court is obligated to dismiss an *in forma pauperis* complaint if it determines that the action fails to state a claim on which relief may be granted." (internal quotation marks omitted) (citation omitted)). Plaintiff must also comply with Federal Rule of Civil Procedure 8, which requires that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief" as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a). Although a complaint need not contain "detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Similarly, a complaint may not rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (alterations in original) (quoting *Twombly*, 550 U.S. at 557). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

### A.   Rooker-Feldman

In paragraphs 5 and 8 of her Complaint, Plaintiff seeks relief from orders and judgments entered by Judge McDaniel or Judge Prine, in Lowndes County Superior Court, Case No. 2021CR874, relating to Plaintiff's conviction and sentencing for a criminal prosecution. Specifically, Plaintiff asks this Court to find that Judges McDaniel and Prine lacked jurisdiction to render such judgments and orders or to issue an arrest warrant against Plaintiff. Her lack of jurisdiction argument is based on her conclusion that all allegations and evidence presented in her criminal prosecution were unfounded and unconstitutional. Under *Rooker-Feldman*,[4] this Court lacks jurisdiction to grant Plaintiff such relief.

> The *Rooker–Feldman* doctrine makes clear that federal district courts cannot review state-court final judgments because that task is reserved for state

---

[4] The *Rooker–Feldman* doctrine arose out of two Supreme Court cases: *Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923) and *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983).

5

>appellate courts or, as a last resort, the United States Supreme Court. The doctrine applies to claims that were actually raised in the state court and those inextricably intertwined with that state judgment.

*Figueroa v. Merscorp, Inc.*, 766 F. Supp. 2d 1305, 1315–16 (S.D. Fla. 2011), *aff'd*, 477 F. App'x 558 (11th Cir. 2012) (internal quotation marks omitted) (citations omitted). Clearly, Plaintiff's claims against Judges McDaniel and Prine are inextricably intertwined with state court proceedings, and Plaintiff's remedy was to appeal those rulings in state court.

Thus, because paragraphs 5 and 8 of Plaintiff's Complaint seek to challenge final judgments entered by Judge Brian A. McDaniel and James L. Prine of the Lowndes County Superior Court, paragraphs 5 and 8 must be, and hereby are **DISMISSED WITH PREJUDICE** for lack of jurisdiction under the *Rooker-Feldman* Doctrine. Because there are no other claims asserted against either Judge Brian A. McDaniel or James L. Prine, they are hereby **DISMISSED** as Defendants in this action.

### B. Statute of Limitations

The length of the statute of limitations for § 1983 claims "is that which the State provides for personal-injury torts." *Wallace v. Kato*, 549 U.S. 384, 387 (2007) (citation omitted). Under Georgia law, the statute of limitations for such claims is two years pursuant to § 9–3–33. *See Williams v. City of Atlanta*, 794 F.2d 624, 626 (11th Cir. 1986). Generally, the statute of limitations for § 1983 claims begins to run when facts supporting the cause of action are or should be reasonably apparent to the claimant. *Brown v. Ga. Bd. of Pardons & Paroles*, 335 F.3d 1259, 1261 (11th Cir. 2003) (per curiam). Excessive force claims brought under § 1983 accrue when the alleged use of excessive force occurred. *See Baker v. City of Hollywood*, 391 Fed. Appx. 819, 821 (11th Cir. 2010). According to the Complaint (Paragraph 4), Officers Matthew DelaCruz and Matthew Francis allegedly used excessive force against Plaintiff while arresting her on March 28, 2021. Thus, Plaintiff had until on or about March 28, 2023, to file suit for excessive force. She did not file her Complaint until April 28, 2025 – more than two years after the statute of limitation expired.

Thus, Plaintiff's claim against Officers Matthew DelaCruz and Matthew Francis under § 1983 for excessive force is time-barred and Plaintiff has failed to state a claim against them. Accordingly, paragraph 4 of Plaintiff's Complaint must be and hereby is **DISMISSED WITH**

6

**PREJUDICE**. Because there are no other claims asserted against either Officer Matthew DelaCruz or Officer Matthew Francis, they are hereby **DISMISSED** as Defendants in this action.

### C. Claims against D.A. Harrison and D.A. Sheally

As noted above, Plaintiff appears to take issue with D.A. Harrison and D.A. Sheally dismissing the DUI charge against her and allowing her to plead to misdemeanor as opposed to felony obstruction, but she does not factually allege violation of any of her Constitutional rights.

Thus, Plaintiff has failed to state a claim against D.A. Harrison and D.A. Sheally. Accordingly, paragraph 5 and 7 of Plaintiff's Complaint must be and hereby are **DISMISSED WITHOUT PREJUDICE** as to D.A. Michelle T. Harrison and D.A. Bradfield M. Sheally. Because there are no other claims asserted against either D.A. Michelle T. Harrison or D.A. Bradfield M. Sheally, they are hereby **DISMISSED** as Defendants in this action.

### D. Remaining Allegations and Requests for Relief

As to Defendants Mayor Scott James Matheson, City Manager Richard Hardy, Mayor Pro-Tem Andrew Gibbs, Chief of VPD Leslie Manahan, or Council Members Nick Harden, Timothy H. Carroll, Eric Howard, Thomas B. McIntyre, Sr., Sandra Tooley, and Vivian Miller-Cody, Plaintiff failed to state any factual allegations against any of these Defendants upon which a cause of action would arise.

As such, Plaintiff's Complaint against Defendants Mayor Scott James Matheson, City Manager Richard Hardy, Mayor Pro-Tem Andrew Gibbs, Chief of VPD Leslie Manahan, or Council Members Nick Harden, Timothy H. Carroll, Eric Howard, Thomas B. McIntyre, Sr., Sandra Tooley, and Vivian Miller-Cody must be and hereby is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim against such Defendants.

## IV. CONCLUSION

Based on the foregoing, Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form AO 240) (Doc. 2) is **GRANTED**.

For the reasons stated above, the claims in Plaintiff's Complaint are **DISMISSED** as follows:

7

1.      Plaintiff's claims in paragraphs 5 and 8 against Judge Brian A. McDaniel and James L. Prine seeking relief from orders and judgments entered by them are **DISMISSED WITH PREJUDICE**;

2.      Plaintiff's excessive force claim in paragraph 4 against Officers Matthew DelaCruz and Matthew Francis is time barred and thus **DISMISSED WITH PREJUDICE**;

3.      Plaintiff's remaining claims are **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED**, this 30th day of May 2025.

/s/W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**